1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

PETER M. F.,
8
                            Plaintiff,            Case No. C23-5726 RSM
9
        v.                                        **ORDER REVERSING DENIAL OF**
10                                                **BENEFITS AND REMANDING**
    COMMISSIONER OF SOCIAL SECURITY,              **FOR FURTHER PROCEEDINGS**
11
                            Defendant.
12

13          Plaintiff seeks review of the denial of his applications for Supplemental Security Income

14   (SSI) and Disability Insurance Benefits (DIB).  Plaintiff contends the ALJ erred by rejecting his

15   symptom testimony and the medical opinions of Mr. Hummel and Ms. Poole.[1]  Dkt. 8.  As

16   discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the

17   matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

18                                      **BACKGROUND**

19          Plaintiff is 45 years old, has at least a high school education, and has worked as a stock

20   clerk, cashier, coffee maker, cook, and kitchen helper.  Admin. Record (AR) 30.  In April 2021,

21

22   _____
     [1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's
     Scheduling Order, as Plaintiff did not list the alleged errors on the first page of the brief and Plaintiff did not include
23   her assignment of error with the ALJ's findings at step four.  *See* Dkts. 7 at 2; 8 at 1.  In the future, counsel shall take
     care to review and comply with the Court's briefing requirements.

     ORDER REVERSING DENIAL OF
     BENEFITS AND REMANDING FOR
     FURTHER PROCEEDINGS - 1

1   Plaintiff applied for benefits, alleging disability as of October 12, 2020.  AR 68, 88, 107, 121.

2   Plaintiff's applications were denied initially and on reconsideration.  AR 84, 104, 119, 133.

3   After the ALJ conducted a hearing in February 2023 (AR 39–66), the ALJ issued a decision

4   finding Plaintiff not disabled.  AR 14–38.

5                                              **DISCUSSION**

6           The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

7   by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

8   must examine the record but cannot reweigh the evidence or substitute its judgment for the

9   ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

10  more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

11  950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

12  that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

13      1.      **Plaintiff's Symptom Testimony**

14          Plaintiff testified he is unable to work because of his anxiety and depression.  AR 47, 50,

15  52.  He explained he gets stressed and cannot concentrate or interact with others.[2]  AR 47.

16          Where, as here, an ALJ determines a claimant has presented objective medical evidence

17  establishing underlying impairments that could cause the symptoms alleged, and there is no

18  affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

19  symptom severity by providing "specific, clear, and convincing" reasons supported by

20

21  [2] The ALJ also evaluated Plaintiff's complaints with his physical condition.  AR 25.  However, Plaintiff did not
    challenge this part of the ALJ's decision in his Opening Brief.  The Court will not consider matters that are not

22  "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec.
    Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145,

23  1164 (9th Cir. 2003)). The Court will therefore only consider the ALJ's evaluation of Plaintiff's testimony regarding
    his mental health.

    ORDER REVERSING DENIAL OF
    BENEFITS AND REMANDING FOR
    FURTHER PROCEEDINGS - 2

1   substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

2   isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

3   it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

4          The ALJ first rejected Plaintiff's testimony because he sought treatment inconsistently

5   and was resistant to treatment suggestions.  AR 24.  "[A]n 'unexplained, or inadequately

6   explained, failure to seek treatment' may be the basis for an adverse credibility finding unless

7   one of a 'number of good reasons for not doing so' applies."  *Orn v. Astrue*, 495 F.3d 625, 638

8   (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  Here, however, the

9   record shows that at one point Plaintiff was meeting with three mental health providers.  AR 458.

10  The record does show Plaintiff requested to be discharged from counseling, declined treatment,

11  or resisted any offers or suggestions for his situation (AR 466, 502, 563, 578), but the record also

12  includes possible "good reasons" for Plaintiff's reluctance.  For example, one of Plaintiff's

13  mental health providers noted Plaintiff's behavior was "consistent with borderline personality

14  disorder in addition to depression with psychosis."  AR 464, 466.  Plaintiff also expressed

15  distrust with mental health services due to past experiences.  AR 458, 462, 502, 516.  The Court

16  also notes that one of Plaintiff's evaluators commented about the "inherent difficulty in treating

17  borderline personality disorder, which can take several years of intensive treatment even in

18  motivated patients."  AR 446.  Looking at the record as a whole, Plaintiff's refusal of treatment

19  seems to be intertwined with his mental health impairments.  *See Ghanim*, 763 F.3d at 1164

20  ("[T]he treatment records must be viewed in light of the overall diagnostic record.");  *Garrison*,

21  759 F.3d at 1018 n. 24 (concluding that the ALJ erred in discounting a claimant's allegations

22  based on noncompliance with medication, where the record showed that noncompliance was due

23  at least in part to the claimant's psychiatric issues);  *see also Nguyen v. Chater*, 100 F.3d 1462,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)) ("'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'").

The ALJ also noted Plaintiff focused on "situations stressors, such as his disability case, financial stressors, being homeless, and car problems" during his appointments, implying that Plaintiff's symptoms were exacerbated by external factors rather than inherent to his mental health impairments. AR 28 (citing AR 458, 460, 462, 487, 490, 492, 502, 516, 598). An ALJ may reject a claimant's testimony if "the record supports the ALJ's conclusion that [the claimant's] mental health symptoms were situational, and so unlikely to persist once [the claimant's] circumstances improved." *Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016). But the evidence the ALJ cited does not necessarily show that if not for these stressors, Plaintiff's symptoms would improve. For example, the record shows that even when Plaintiff's counselor reminded him that he was in a "fairly stable environment" with regard to his housing, and when Plaintiff's counselor tried to discuss his options for addressing his homelessness, Plaintiff's depression remained severe, his affect was dysthymic or constricted, his insight and judgment poor, and his mindset "negative and hopeless." AR 458, 466, 468.

The ALJ next rejected Plaintiff's testimony based on his "fairly unremarkable" mental status examinations. AR 24. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed out Plaintiff was oriented, pleasant, cooperative with normal speech, and his thought process, insight, and judgment were all within normal limits. AR 24 (citing AR 439–41, 444–46, 452–53, 458–70, 588, 592, 594, 598). But the ALJ did not address the other findings in those records showing Plaintiff was found to have

impaired ability to maintain regular attendance in the workplace, complete a normal workday

without interruptions from his symptoms, interact with coworkers and the public, and adapt to

usual stresses encountered in the workplace.  AR 447, 453.  Plaintiff's mental status

examinations also show he had tearful, constricted, or depressed affect; afraid, panicked, or

angry mood; persecutory delusions, and slightly paranoid behavior.  AR 439, 441, 462, 464, 466,

468, 470, 588, 592, 594, 598.  Overall, Plaintiff's mental status examinations more so reflect,

rather than undercut, his testimony.

   Finally, the ALJ rejected Plaintiff's testimony because of his activities.  AR 25.  An ALJ

may discount a claimant's symptom testimony when it is inconsistent with the claimant's general

activity level.  *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040

(9th Cir. 2007).  Here, the ALJ explained Plaintiff's ability to look for work, take three online

classes, study, go for walks, play with a friend's dog, sculpt, perform household chores, and

drive indicate "he is not physically and mentally limited as he has alleged."  AR 25.  However,

the ALJ did not explain how these activities undermine Plaintiff's testimony, given he testified to

most of them.  Plaintiff testified he attended school briefly but eventually stopped because his

anxiety stopped him from completing his classes.  AR 49–50.  Plaintiff also testified to working

on his art but explained that the time he spent on it varied, and the last time he tried to deliver his

art to a gallery, he suffered a panic attack while driving because of the traffic and distance.  AR

64.  He also testified to spending a few hours on household chores over the course of a week,

driving to the gas station, and quickly shopping in grocery stores to avoid interacting with others.

AR 50, 55.  The activities highlighted by the ALJ do not show Plaintiff was not as limited as he

alleged.

   In sum, the ALJ failed to provide at least one valid reason supported by substantial

1  evidence to reject Plaintiff's symptom testimony.  Accordingly, the Court finds the ALJ erred.

2  **2.      Mr. Hummel and Ms. Poole, ARNP**

3  ALJs must consider every medical opinion in the record and evaluate each opinion's

4  persuasiveness, with the two most important factors being "supportability" and "consistency." !

5  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

6  Supportability concerns how a medical source supports a medical opinion with relevant

7  evidence, while consistency concerns how a medical opinion is consistent with other evidence

8  from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2);

9  416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or

10 treating doctor's opinion as unsupported or inconsistent without providing an explanation

11 supported by substantial evidence."  *Woods*, 32 F.4th at 792.

12 In November 2022, both Mr. Hummel and Ms. Poole opined that based on Plaintiff's

13 mental health symptoms, he would be off task for at least 50 percent of the time and would miss

14 more than four days of work a month.  AR 548, 557.  The ALJ noted their opinions were

15 reasonable given they treated Plaintiff at a time when he was experiencing difficulties, but

16 nonetheless rejected them for their inconsistency with the overall record, which showed

17 Plaintiff's inconsistent treatment history, situational stressors, and "overall capacity to function

18 at a higher level than suggested" by the medical providers.  AR 25.  However, as discussed

19 above, Plaintiff's refusal to engage in treatment appeared related to his mental impairment, while

20 the evidence cited by the ALJ fail to show Plaintiff's symptoms would improve without external

21 stressors.  Further, the record does not demonstrate, and the ALJ did not explain, how Plaintiff's

22 activity level negates Mr. Hummel's and Ms. Poole's proposed limitations.

23 The ALJ also rejected their opinions because they relied heavily on Plaintiff's subjective

1   reports about his inability to maintain attendance at work, which the ALJ found "highly

2   unlikely" given Plaintiff was never fired or laid off for attendance issues.  AR 29.  Looking at

3   their opinions, however, it is unclear how the ALJ made this determination.  Mr. Hummel and

4   Ms. Poole's opinions include observations regarding Plaintiff's lack of emotional regulation,

5   anxiety, inability to make decisions for his benefit, and negativity, but no notations regarding

6   Plaintiff's reports of absenteeism.  *See* AR 537–49, 553–58.  The underlying treatment notes

7   similarly lack any reference to such reports and focus primarily on Plaintiff's medication.  *See*

8   AR 587, 591, 596, 598, 610–20.  Accordingly, in rejecting Mr. Hummel and Ms. Poole's

9   opinions for their reliance on Plaintiff's subjective reports, the ALJ erred.

10          **3.      Remedy**

11          Plaintiff contends the appropriate remedy is for the Court to remand for an award of

12  benefits, because if Plaintiff's testimony and the medical opinions of Mr. Hummel and Ms. Pool

13  were credited as true, the ALJ would have to find him disabled.  Dkt. 8 at 17–18.  But remand for

14  an award of benefits "is a rare and prophylactic exception to the well-established ordinary

15  remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has

16  established a three-step framework for deciding whether a case may be remanded for an award of

17  benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide

18  legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at

19  1020).  Second, the Court must determine "whether the record has been fully developed, whether

20  there are outstanding issues that must be resolved before a determination of disability can be

21  made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of*

22  *Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks

23  omitted).  Only if the first two steps are satisfied can the Court determine whether, "if the

1 | improperly discredited evidence were credited as true, the ALJ would be required to find the

2 | claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  And "[e]ven if [the Court] reach[es]

3 | the third step and credits [the improperly rejected evidence] as true, it is within the court's

4 | discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*,

5 | 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

6 |   Here, only the first step is met, as the Court has found the ALJ erred in evaluating

7 | Plaintiff's testimony and Mr. Hummel and Ms. Poole's medical opinions.  However, they remain

8 | contradicted by other evidence in the record, which Plaintiff did not challenge.  The ALJ must

9 | resolve such contradictions before the Court can proceed to the third step.  *See Dominguez v.*

10 | *Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).  Therefore, remanding for further proceedings, rather

11 | than an award of benefits, is the appropriate remedy.  On remand, the ALJ shall reevaluate

12 | Plaintiff's testimony, the medical evidence, and conduct any necessary proceedings to reevaluate

13 | the disability determination in light of this order.

14 | **CONCLUSION**

15 |   For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

16 | case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

17 | 405(g).

18 |   DATED this 23rd day of February, 2024.

19 |

20 |

21 | RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

22 |

23 |

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8