UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER M. FITZGERALD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C23-5726-RSM<br><br>ORDER GRANTING FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

This matter comes before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. #19.

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory.  *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995).  Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v.*

ORDER FOR EAJA FEES - 1

*Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorneys' fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Motion is timely, as Plaintiff had a 60-day appeal period, plus the 30-day period in §2412(d)(1)(B), from the entry of final judgment on December 21, 2023, to file a timely EAJA application. *Akopyan v. Barnhart,* 296 F.3d 852 (9th Cir. 2002); *Melkonyan v. Sullivan,* 501 U.S. 89, 94-96 (1991); FED. R. App. P. 4(a). Furthermore, upon review of the record, the Court determines that Plaintiff is the prevailing party, the requested fees are reasonable, and the Government's position was not substantially justified. Defendant makes no objections to Plaintiff's request. Dkt. #21. In short, the requirements of § 2412(d)(1)(B) are met.

Having thoroughly considered the party's briefings and the relevant record, the Court hereby GRANTS the motion and awards Plaintiff $8,361.39 in attorney and paralegal fees, subject to any offset allowed under the Treasury Offset Program. *See Astrue v. Ratliff,* 560 U.S. 586, 589-90 (2010). Payment of EAJA fees shall be sent to Plaintiff's attorney by check: H. Peter Evans at Evans & Evans, PC, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684.

DATED this 13th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

.